IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONDO INTERNATIONAL, LLC, | X <br> : |
| Plaintiff, | : <br> : <br> : |
| v. | : <br> : Case No. |
| STEVEN RAINES, TAD MARGOLIES, CHARLIE BUSCH, AND BLUESKY RESOURCE SOLUTIONS, LLC, | : <br> : <br> : <br> : |
| Defendants. | : <br> : <br> X |

## COMPLAINT

Plaintiff, MONDO INTERNATIONAL, LLC ("Plaintiff" or "Mondo"), by and through its attorneys, McGuireWoods LLP, alleges against STEVEN RAINES ("Raines"), TAD MARGOLIES ("Margolies"), CHARLIE BUSCH ("Busch") (collectively, the "Individual Defendants"), and BLUESKY RESOURCE SOLUTIONS, LLC ("BlueSky") (collectively, "Defendants") as follows:

### Introduction

1.   The Individual Defendants, former Mondo employees, have breached their restrictive covenants to Mondo in multiple ways. First, they have breached their non-competition covenants by joining a direct competitor, BlueSky. Second, the Individual Defendants have solicited multiple Mondo clients with whom they worked at Mondo in violation of their non-solicitation covenants. Third, the Individual Defendants have used Mondo Confidential Information to solicit Mondo clients.

2.   On an ongoing and repeated basis beginning in late 2020, BlueSky has: (a) recruited employees from Mondo's Denver offices; (b) induced them to violate their restrictive

1

covenants with Mondo by competing in the same market and soliciting Mondo clients, candidates and employees; and (c) further interfered with those covenants by inducing the former Mondo employees to use Mondo's Confidential Information.

3. Despite knowledge of the Individual Defendants' restrictive covenants, by allowing and encouraging the Individual Defendants to violate multiple contractual obligations to Mondo, BlueSky has tortiously interfered with those contractual obligations and is liable to Mondo for the damages proximately caused.

4. Accordingly, Mondo seeks redress against the Individual Defendants and BlueSky for these violations.

**The Parties**

5. Plaintiff Mondo International, LLC, is the largest national staffing agency specializing exclusively in high-end, niche IT, technology, creative and digital marketing talent. Mondo is headquartered in New York, New York, and operates offices around the United States.

6. Defendant Steven Raines is, upon information and belief, a citizen of the State of Colorado residing at 4550 E Cherry Creek South Drive Apt. 1608, Denver, Colorado 80246.

7. Defendant Tad Margolies is, upon information and belief, a citizen of the State of Georgia residing at 302 Perimeter Ctr N, Apt. 1541, Atlanta, Georgia 30346.

8. Defendant Charlie Busch is, upon information and belief, a citizen of the State of Colorado residing at 2600 Moline Street, Denver, Colorado 80238.

9. Upon information and belief, defendant BlueSky Resource Solutions, LLC is a Georgia limited liability company which does business in the State of New York and New York City, having a principal place of business at 1010 Huntcliff NE, Suite 1250, Atlanta, GA 30350.

**Jurisdiction and Venue**

10. This court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. As mentioned, Mondo is headquartered in New York, New York at 102 Madison Ave 7th floor, New York, NY 10016 and operates offices around the United States. The sole member of Mondo is Mondo Acquisition, LLC. The sole member of Mondo Acquisition, LLC is APFS, LLC. The sole member of APFS, LLC is APFS Staffing, Inc., which is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Illinois. Insofar as Mondo is a citizen of the states where its members are citizens, Mondo is a citizen of the States of Delaware and Illinois because APFS Staffing, Inc. is a citizen of those states.

11. Defendants, upon information and belief, are citizens of the States of Georgia and Colorado. BlueSky is organized under the laws of the State of Georgia and, upon information and belief, its members are domiciled in and citizens of the State of Georgia. Individual Defendants, upon information and belief, are citizens of Georgia and Colorado. None of the Defendants are citizens of the States of Delaware or Illinois.

12. As such, Plaintiff and Defendants are citizens of different states and there is complete diversity of citizenship.

13. The amount in controversy in this proceeding exceeds the sum of $75,000.00, exclusive of interest and costs.

14. On or about November 23, 2016, July 20, 2017, and August 20, 2020, respectively, Raines, Margolies, and Busch, respectively, entered into their Employee Confidential Information, Non-Competition, Non-Solicitation, and Assignment of Inventions Agreements with Mondo

3

(collectively, the "Individual Defendants' Employment Agreements").  Paragraph 11 of each of the Individual Defendants' Employment Agreements provides:

> Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to conflicts of law principles.

True and correct copies of the Individual Defendants' Employment Agreements are attached hereto as *Exhibits A, B* and *C*.

15. Paragraph 12 of the Individual Defendants' Employment Agreements provides:

> Choice of Forum. Any action which may be brought in a court of law with respect to this Agreement may be brought in the courts of the State of New York or of the United States of America for the Southern District of New York, and Employee accepts for himself/herself and in respect to his/her property, generally and unconditionally, the jurisdiction of these courts. Employee irrevocably waives any objection, including but not limited to, any objection to the laying of venue or based on the grounds of *forum non conveniens*, which Employee has or hereafter may have to the bringing of any action in those jurisdictions.

*Id.*

16. BlueSky is a nationwide recruiting firm specializing in the high demand Telecom and IT markets. BlueSky actively recruits employees and fills job orders in the New York City job market and is currently publicly posting open positions in New York City and New York State on LinkedIn and other sources.

17. By conducting business activity in New York, BlueSky has purposefully availed itself to New York law, and therefore jurisdiction is proper.

18. Venue and jurisdiction are therefore proper in the Southern District of New York pursuant to the forum selection clause of the Individual Defendants' Employment Agreements and BlueSky's activity in State of New York.

**Raines Enters into Restrictive Covenants with Mondo**

19. In Raines' Employee Confidential Information, Non-Competition, Non-Solicitation, and Assignment of Inventions Agreement with Mondo ("Raines' Restrictive Covenant Agreement"), in consideration of Mondo's legitimate and protectable interests in protecting its Confidential Information and business relationships, Raines agreed to certain restrictive covenants.

20. Specifically, he agreed that:

   i. **Covenant Not to Compete/Covenant Not to Solicit, Section (ii)**. Employee will not, from and after the date hereof through Employee's employment and for a period of twelve (12) months after the termination of Employee's employment for any reason whatsoever, including but not limited to, involuntary termination (with or without cause) and/or voluntary termination:

      (a) directly or indirectly engage in, represent in any way, or be connected with, a Competing Business, whether such engagement by Employee shall be on his/her own account or as an officer, stockholder, principal, agent, director, owner, employer, employee, partner, affiliate, advisor, consultant or in any individual or representative capacity whatsoever or otherwise; or

      (b) solicit, canvas, accept or perform any Competing Business from or for entities which are clients, customers, vendors, suppliers and/or business associates of Employer on the date hereof or become clients, customers, vendors, suppliers and/or business associates of Employer during the term of this Agreement; or

      (c) request, advise or attempt to influence any clients, customers, vendors, suppliers and/or business associates of Employer to withdraw, curtail or cancel any of its current or future business with Employer; or

      (d) disclose or communicate to any other person, firm or corporation the names of any employees, clients, customers, vendors, suppliers and/or business associates of Employer or any other knowledge of information relating to the operations or business of Employer; or

      (e) contact or approach, directly or indirectly, any employee of Employer for the purpose of attempting to or actually soliciting, hiring, engaging or retaining the employee or for the purpose of that employee terminating his/her employment with Employer or working for or providing information or services to a Competing Business.

5

      ii. **Covenant Not to Disclose Confidential Information, Section (ii)**. Throughout the course of employment by Employer and any time thereafter, Employee shall not use, disclose, reveal or transfer to any person, firm, corporation or entity, without the prior written consent of Employer, information relating to the business of Employer, including but not limited to Confidential Information.

      It is further agreed that the furnishing of Confidential Information by Employer shall not constitute any grant, option or license to Employee under any patent or other rights now or hereafter held by Employer with respect to said Confidential Information.

      At the conclusion of Employee's employment with Employer, Employee will promptly return all copies of Confidential Information, and will destroy all other copies under Employee's control, in whatever media.

*Raines' Restrictive Covenant Agreement*, Article 1, Section ii and Article 2, Section ii.

21. After entering into Raines' Restrictive Covenant Agreement, Mondo continued to employ Raines until his separation on or around January 4, 2021.

22. In his role with Mondo, Raines was responsible for client development, revenue generation, budget performance, and the building of goodwill in the local markets.

23. In addition, as a Sales Team Lead, Raines was responsible for hiring and developing internal employees based on the proprietary training materials and methods Mondo demanded be trained.

24. Throughout the duration of his employment, Mondo invested significant resources into Raines and entrusted him with a considerable amount of Confidential Information, as that phrase is defined in Raines' Restrictive Covenant Agreement. Mondo also provided Raines with specialized training and guidance from which he directly benefitted financially.

**Margolies Enters into Restrictive Covenants with Mondo**

25. In Margolies' Employee Confidential Information, Non-Competition, Non-Solicitation, and Assignment of Inventions Agreements with Mondo ("Margolies' Restrictive Covenant Agreement"), in consideration of Mondo's legitimate and protectable interests in

protecting its Confidential Information and business relationships, Margolies agreed to certain restrictive covenants.

26. Specifically, he agreed that:

  i. **Covenant Not to Compete/Covenant Not to Solicit, Section (ii)**. Employee will not, from and after the date hereof through Employee's employment and for a period of twelve (12) months after the termination of Employee's employment for any reason whatsoever, including but not limited to, involuntary termination (with or without cause) and/or voluntary termination:

     (a) directly or indirectly engage in, represent in any way, or be connected with, a Competing Business, whether such engagement by Employee shall be on his/her own account or as an officer, stockholder, principal, agent, director, owner, employer, employee, partner, affiliate, advisor, consultant or in any individual or representative capacity whatsoever or otherwise; or

     (b) solicit, canvas, accept or perform any Competing Business from or for entities which are clients, customers, vendors, suppliers and/or business associates of Employer on the date hereof or become clients, customers, vendors, suppliers and/or business associates of Employer during the term of this Agreement; or

     (c) request, advise or attempt to influence any clients, customers, vendors, suppliers and/or business associates of Employer to withdraw, curtail or cancel any of its current or future business with Employer; or

     (d) disclose or communicate to any other person, firm or corporation the names of any employees, clients, customers, vendors, suppliers and/or business associates of Employer or any other knowledge of information relating to the operations or business of Employer; or

     (e) contact or approach, directly or indirectly, any employee of Employer for the purpose of attempting to or actually soliciting, hiring, engaging or retaining the employee or for the purpose of that employee terminating his/her employment with Employer or working for or providing information or services to a Competing Business.

  ii. **Covenant Not to Disclose Confidential Information, Section (ii)**. Throughout the course of employment by Employer and any time thereafter, Employee shall not use, disclose, reveal or transfer to any person, firm, corporation or entity, without the prior written consent of Employer,

> information relating to the business of Employer, including but not limited to Confidential Information.
>
> It is further agreed that the furnishing of Confidential Information by Employer shall not constitute any grant, option or license to Employee under any patent or other rights now or hereafter held by Employer with respect to said Confidential Information.
>
> At the conclusion of Employee's employment with Employer, Employee will promptly return all copies of Confidential Information, and will destroy all other copies under Employee's control, in whatever media.

*Margolies' Restrictive Covenant Agreement*, Article 1, Section ii and Article 2, Section ii.

27. After entering into Margolies' Restrictive Covenant Agreement, Mondo continued to employ Margolies until his separation on or around November 20, 2020.

28. In his role with Mondo, Margolies was responsible for candidate development, revenue generation, budget performance, and the building of goodwill in the local markets.

29. In addition, as a Recruiting Team Lead, Margolies was responsible for hiring and developing internal employees based on the proprietary training materials and methods Mondo demanded be trained.

30. Throughout the duration of his employment, Mondo invested significant resources into Margolies and entrusted him with a considerable amount of Confidential Information, as that phrase is defined in Margolies' Restrictive Covenant Agreement. Mondo also provided Margolies with specialized training and guidance from which he directly benefitted financially.

**Busch Enters into Restrictive Covenants with Mondo**

31. In Busch's Employee Confidential Information, Non-Competition, Non-Solicitation, and Assignment of Inventions Agreements with Mondo ("Busch's Restrictive Covenant Agreement"), in consideration of Mondo's legitimate and protectable interests in protecting its Confidential Information and business relationships, Busch agreed to certain restrictive covenants.

32. Specifically, he agreed that:

   i. **Covenant Not to Compete/Covenant Not to Solicit, Section (ii)**. Employee will not, from and after the date hereof through Employee's employment and for a period of twelve (12) months after the termination of Employee's employment for any reason whatsoever, including but not limited to, involuntary termination (with or without cause) and/or voluntary termination:

   > (a) directly or indirectly engage in, represent in any way, or be connected with, a Competing Business, whether such engagement by Employee shall be on his/her own account or as an officer, stockholder, principal, agent, director, owner, employer, employee, partner, affiliate, advisor, consultant or in any individual or representative capacity whatsoever or otherwise; or

   > (b) solicit, canvas, accept or perform any Competing Business from or for entities which are clients, customers, vendors, suppliers and/or business associates of Employer on the date hereof or become clients, customers, vendors, suppliers and/or business associates of Employer during the term of this Agreement; or

   > (c) request, advise or attempt to influence any clients, customers, vendors, suppliers and/or business associates of Employer to withdraw, curtail or cancel any of its current or future business with Employer; or

   > (d) disclose or communicate to any other person, firm or corporation the names of any employees, clients, customers, vendors, suppliers and/or business associates of Employer or any other knowledge of information relating to the operations or business of Employer; or

   > (e) contact or approach, directly or indirectly, any employee of Employer for the purpose of attempting to or actually soliciting, hiring, engaging or retaining the employee or for the purpose of that employee terminating his/her employment with Employer or working for or providing information or services to a Competing Business.

   ii. **Covenant Not to Disclose Confidential Information, Section (ii)**. Throughout the course of employment by Employer and any time thereafter, Employee shall not use, disclose, reveal or transfer to any person, firm, corporation or entity, without the prior written consent of Employer, information relating to the business of Employer, including but not limited to Confidential Information.

   It is further agreed that the furnishing of Confidential Information by

>Employer shall not constitute any grant, option or license to Employee under any patent or other rights now or hereafter held by Employer with respect to said Confidential Information.
>
>At the conclusion of Employee's employment with Employer, Employee will promptly return all copies of Confidential Information, and will destroy all other copies under Employee's control, in whatever media.

*Busch's Restrictive Covenant Agreement*, Article 1, Section ii and Article 2, Section ii.

33. After entering into Busch's Restrictive Covenant Agreement, Mondo continued to employ Busch until his separation on or around September 6, 2022.

34. In his role with Mondo, Busch was responsible for client development, revenue generation, and the building of goodwill in the local markets.

35. Throughout the duration of his employment, Mondo invested significant resources into Busch and entrusted him with a considerable amount of Confidential Information, as that phrase is defined in Busch's Restrictive Covenant Agreement. Mondo also provided Busch with specialized training and guidance from which he directly benefitted financially.

### The Individual Defendants Join BlueSky, a Competing Staffing Firm, and Solicit Mondo Customers

36. On or about November 20, 2020, Margolies separated from his employment with Mondo. Shortly thereafter, Margolies joined BlueSky, where he worked from BlueSky's Denver office. He now works from BlueSky's Atlanta office.

37. On or about January 4, 2021, Raines separated from his employment with Mondo. Shortly thereafter, Raines joined BlueSky, where he now works from BlueSky's Denver office.

38. On or about September 6, 2022, Busch separated from his employment with Mondo. Shortly thereafter, Busch joined Mondo, where he now works from BlueSky's Denver office.

39. In addition, on or about January 6, 2022, Courtney Mendoza ("Mendoza"), a Mondo Technical Recruiter who reported to Busch, separated from her employment with Mondo. Shortly thereafter, Mendoza joined BlueSky, where he now works from BlueSky's Denver office.

40. On or about September 9, 2021, Mendoza had signed an Employee Confidential Information, Non-Competition, Non-Solicitation, and Assignment of Inventions Agreements with Mondo containing similar restrictive covenants to those of the Individual Defendants.

41. On or about February 23, 2021, after learning that Margolies had joined BlueSky, Mondo's counsel sent a letter to Margolies, copying BlueSky's Chief Executive Officer, reminding him of his obligations to BlueSky and notifying him of past breaches of Margolies' Restrictive Covenant Agreement.

42. On or about March 26, 2021, after learning that Raines had joined BlueSky, Mondo's counsel sent a letter to Raines, copying BlueSky's Chief Executive Officer, reminding him of his obligations to BlueSky and notifying him of past breaches of Raines' Restrictive Covenant Agreement.

43. Upon information and belief, Margolies solicited Raines, Busch, and Mendoza to leave Mondo and accept employment with BlueSky.

**The Individual Defendants Breach Their Restrictive Covenants**

44. BlueSky competes directly with Mondo in the niche area of IT, technology, creative and digital marketing talent in the Atlanta and Denver markets as well as other markets.

45. By joining BlueSky, the Individual Defendants violated their non-competition obligations to Mondo.

46. Immediately after joining BlueSky, and in direct violation of their contractual obligations to Mondo, the Individual Defendants began contacting Mondo clients and attempting

11

to set up meetings with them for the purpose of soliciting job orders. Mondo became aware of this activity when it received email correspondence from the clients directed to the Individual Employees' Mondo email addresses. The Individual Defendants have used Mondo's Confidential Information to actively solicit these clients to conduct business with them at BlueSky.

47. Mondo is aware of at least one placement made by the Individual Defendants to a Mondo client whom they solicited in violation of their non-solicitation covenants. The value of that placement was in excess of $100,000.

48. The Individual Defendants also, immediately after joining BlueSky, began to solicit other Mondo employees and candidates who Mondo was attempting to place with clients or had placed in the past. The Individual Defendants were aware of Confidential Information about these employees and candidates that allowed them to target employees and candidates who were likely to change jobs or accept assignments from BlueSky.

49. The Individual Defendants also misappropriated Mondo's candidate submission template and began using it for the benefit of BlueSky. The candidate submission template is a proprietary document developed by Mondo which is specific to Mondo's branded strategy. None of the Individual Defendants had authorization to use the candidate submission template or any of Mondo's other Confidential Information for the benefit of a competitor.

50. The Individual Defendants' conduct of soliciting Mondo clients, candidates and employees on behalf of BlueSky and using Mondo's Confidential Information in order to do so violates the Individual Defendants' Employment Agreements.

51. Upon information and belief, BlueSky was aware of the aforementioned illegal conduct by the Individual Defendants in that it is aware of its own, newly acquired, client base, which the Individual Defendants' have brought, and continue to bring, to BlueSky. Further, due to

previous cease and desist letters from Mondo to BlueSky employees which Mondo's counsel copied to BlueSky's Chief Executive Officer, BlueSky was aware of Mondo's restrictive covenants with the Individual Defendants and Mendoza.

52. Despite BlueSky's knowledge of the Individual Defendants' Employment Agreements, BlueSky has intentionally induced and continues to intentionally induce the Individual Defendants to breach their restrictive covenants, as evidenced in part by the Individual Defendants' continued solicitation of Mondo's clients.

53. Specifically, without authorization from Mondo, and with BlueSky's full knowledge and encouragement, the Individual Defendants have used Mondo's Confidential Information to solicit clients with whom they worked at Mondo.

### Count I: Breach of Contract (Non-Competition)
*Against Individual Defendants*

54. Mondo incorporates the allegations in the preceding paragraphs as though fully set forth in this paragraph.

55. The Individual Defendants' respective actions in accepting employment with BlueSky, a competing staffing firm in the Atlanta and Denver areas, constitute breaches of the non-competition restrictions of the Individual Defendants' Employment Agreements.

56. The Individual Defendants' breaches of their non-competition restrictions by joining BlueSky, a competing staffing firm in the Atlanta and Denver areas, have caused Mondo injury, and will continue to cause Mondo injury.

57. Mondo is therefore entitled to preliminary and permanent injunctive relief against the Individual Defendants; relief and judgment against the Individual Defendants for compensatory damages for past breaches of the non-competition restrictions; equitable relief in the form of tolling of the non-competition periods; interest; costs of suit; attorney's fees to the

extent permitted by law; the Individual Defendants' unjust enrichment; and such other further relief as the Court deems fair, just and equitable.

### Count II: Breach of Contract (Customer Non-Solicitation)
*Against Individual Defendants*

58. Mondo incorporates the allegations in the preceding paragraphs as though fully set forth in this paragraph.

59. The Individual Defendants' solicitations, calling on or servicing clients of Mondo are breaches of the non-solicitation restrictions of the Individual Defendants' Employment Agreements.

60. The Individual Defendants' breaches of their non-solicitation restrictions have caused Mondo injury, and will continue to cause Mondo injury.

61. Mondo is therefore entitled to preliminary and permanent injunctive relief against the Individual Defendants; relief and judgment against the Individual Defendants for compensatory damages for past breaches of the non-solicitation restrictions; equitable relief in the form of tolling of the non-solicitation periods; interest; costs of suit; attorney's fees to the extent permitted by law; the Individual Defendants' unjust enrichment; and such other further relief as the Court deems fair, just and equitable.

### Count III: Breach of Contract (Employee Non-Solicitation)
*Against Individual Defendants*

62. Mondo incorporates the allegations in the preceding paragraphs as though fully set forth in this paragraph.

63. The Individual Defendants' solicitations, contacting or approaching employees of Mondo, directly or indirectly, for the purpose of attempting to or actually soliciting, hiring, engaging or retaining the employee or for the purpose of that employee terminating his/her

employment with Mondo or working for or providing information or services to BlueSky are breaches of the non-solicitation restrictions of the Individual Defendants' Employment Agreements.

64. The Individual Defendants' breaches of their non-solicitation restrictions have caused Mondo injury, and will continue to cause Mondo injury.

65. Mondo is therefore entitled to preliminary and permanent injunctive relief against the Individual Defendants; relief and judgment against the Individual Defendants for compensatory damages for past breaches of the non-solicitation restrictions; equitable relief in the form of tolling of the non-solicitation periods; interest; costs of suit; attorney's fees to the extent permitted by law; the Individual Defendants' unjust enrichment; and such other further relief as the Court deems fair, just and equitable.

**Count IV: Breach of Contract (Non-Disclosure or Use of Confidential Information)**
*Against Individual Defendants*

66. Mondo incorporates the allegations in the preceding paragraphs as though fully set forth in this paragraph.

67. The Confidential Information provisions in the Individual Defendants' Employment Agreements protect Mondo's legitimate protectable interests in maintaining its products, processes, services, business, customers or prospective customers that are not generally publicly available. As such, these provisions are necessary to the sustainability and success of Mondo's business and are not an unreasonable restraint on trade.

68. The Individual Defendants' use of Mondo's Confidential Information, including their solicitation or planned or attempted solicitation of clients, candidates and employees of Mondo are breaches of the Confidential Information provisions in the Individual Defendants' Employment Agreements.

69. Given the Individual Defendants' conduct to date, there is a legitimate threat that the Individual Defendants will continue to use Mondo's Confidential Information, as that term is defined in the Individual Defendants' Employment Agreements, for their own use and benefit and the use and benefit of a competing business, BlueSky, in violation of the Individual Defendants' Employment Agreements and into the future.

70. The Individual Defendants' past breaches of the Individual Defendants' Employment Agreements have caused and will continue to cause Mondo severe economic injury, including without limitation lost revenue, increased operational expenses, loss in market share, and damage to reputation.

71. The Individual Defendants' anticipated future breaches of the Individual Defendants' Employment Agreements have caused and will continue to cause Mondo irreparable injury for which there is no adequate remedy at law.

72. Mondo is therefore entitled to preliminary and permanent injunctive relief against the Individual Defendants; judgment against them for compensatory damages for past breaches of the Individual Defendants' Employment Agreements; interest; costs of suit; attorney's fees to the extent permitted by law; and such other and further relief as the Court deems fair, just, and equitable.

### Count V:  Tortious Interference with Contract
### *Against BlueSky*

73. Mondo incorporates the allegations in the preceding paragraphs as though fully set forth in this paragraph.

74. BlueSky was aware of the Individual Defendants' and Mendoza's Employment Agreements and the restrictive covenants contained therein.

75. BlueSky intentionally induced and continues to intentionally induce the Individual Defendants and Mendoza to breach their restrictive covenants by, among other things, (a) employing the Individual Defendants and Mendoza in positions directly competing with Mondo and in the same line of business and geographic market in which the Individual Defendants worked for Mondo; (b) allowing and encouraging the Individual Defendants to solicit Mondo clients, candidates and employees; and (c) allowing and encouraging Individual Defendants to use Mondo's Confidential Information for their own and BlueSky's benefit.

76. BlueSky has no justification or privilege to intentionally induce the Individual Defendants or Mendoza to breach their restrictive covenants.

77. As, upon information and belief, BlueSky intends to attempt to take over Mondo's recruiting and staffing business in, at minimum, the Atlanta and Denver metro areas by hiring and soliciting Mondo's Atlanta and Denver-based clients, candidates and employees, there is a legitimate threat that BlueSky will continue to interfere with the Individual Defendants' restrictive covenants.

78. BlueSky's unlawful conduct has caused and will continue to cause Mondo economic injury, including without limitation lost revenue, increased operational expenses, loss in market share, and damage to reputation.

79. BlueSky's future interference with the Individual Defendants' obligations under the Individual Defendants' Employment Agreements will cause Mondo irreparable injury for which there is no adequate remedy at law.

80. Mondo is therefore entitled to preliminary and permanent injunctive relief against BlueSky; judgment against BlueSky for compensatory damages for past unlawful conduct;

interest; costs of suit; attorney's fees to the extent permitted by law; and such other and further relief as the Court deems fair, just, and equitable.

### Count VI: Tortious Interference with Prospective Business Relations
### *Against BlueSky*

81. Mondo incorporates the allegations in the preceding paragraphs as though fully set forth in this paragraph.

82. BlueSky acted dishonestly, improperly, and unfairly by, among other things, allowing and encouraging the Individual Defendants to solicit Mondo's clients despite knowledge that this behavior violated the Individual Defendants' Employment Agreements.

83. BlueSky knowingly, willingly, and wrongfully interfered with Mondo's relationships with its clients.

84. If BlueSky had not interfered with the relationships between Mondo and the clients, Mondo would have further developed its relationships with its clients for economic gain, specifically, Mondo would have received further job orders and made additional placements with these clients.

85. BlueSky's unlawful conduct has caused and will continue to cause Mondo economic injury, including without limitation lost revenue, increased operational expenses, loss in market share, and damage to reputation.

86. Mondo is therefore entitled to compensatory damages in an amount to be determined at trial and punitive damages.

WHEREFORE, Mondo respectfully requests that the Court:

1. Preliminarily and permanently enjoin the Individual Defendants from further breaches of the non-competition and non-solicitation restrictions contained in the Individual Defendants' Employment Agreements;

2. Preliminarily and permanently enjoin BlueSky from inducing the Individual Defendants to further breach restrictive covenants contained in the Individual Defendants' Employment Agreements;

3. Extend the period of the non-competition and non-solicitation restrictions in the Individual Defendants' Employment Agreements by the period of their breaches;

4. Order the Individual Defendants and BlueSky to preserve all evidence relating to the allegations of this Complaint;

5. Award Mondo all direct and incidental damages incurred as a result of the breaches of the Individual Defendants' Employment Agreements to date, in an amount to be determined at trial;

6. Award Mondo restitution in the amount of all unjust enrichment gained by the Individual Defendant as a result of their breaches of their contractual obligations;

7. Award Mondo all compensatory, punitive, and exemplary damages allowable by law; and

8. Award Mondo interest, its costs of suit, including attorney's fees to the extent allowable by law; and all such other relief as the Court deems just and proper.

Dated: November 8, 2022

Respectfully Submitted,

MONDO INTERNATIONAL, LLC

*/s/ Katharine P. Lennox*
One of Plaintiff's Attorneys

Katharine P. Lennox
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
Telephone: (212) 548-2167
klennox@mcguirewoods.com
*Attorney for Plaintiff Mondo International, LLC*